UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

| | |
|---|---|
| **MARTHA EVANS;** ) | |
| ) | |
| *Plaintiff*; ) | |
| ) | |
| *v.* ) | No. 23-cv-_____ |
| ) | |
| **OLD REPUBLIC INSURANCE CO., INC.,** ) | |
| ) | |
| *Defendant*. ) | |

# COMPLAINT

1. The Plaintiff, Martha Evans, brings this action to enforce payment of additional compensation and interest imposed by law. The additional compensation and interest arise from the late payment by Old Republic Insurance Co. of monthly monetary benefits awarded under the Black Lung Benefits Act, 30 U.S.C. §§ 901–44, against its insured, Dixie Pine Coal Co.

2. Federal law imposes the Defendant's liability for additional compensation. *See* Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 914(f), *incorporated by reference into* the Black Lung Benefits Act, 30 U.S.C. § 932(a); 20 C.F.R. § 725.607.

3. Federal law also imposes the Defendant's liability for interest. 30 U.S.C. § 932(d); 20 C.F.R. § 725.608.

## JURISDICTION AND VENUE

4. The Plaintiff's deceased husband, Earl Evans, worked as a coal miner in Claiborne County, Tennessee for Dixie Pine Coal Co. Consequently, the injury occurred in this judicial district, in its Northern Division.

5. The Court has jurisdiction under 33 U.S.C. § 921(d), *incorporated by reference into* 30 U.S.C. § 932(a), and 28 U.S.C. § 1331.

6. Venue is proper in this Court under 28 U.S.C. § 1391.

## PARTIES

7. The Plaintiff, Martha Evans, is a natural person residing at 117 Eastgate Drive, Apt. 105, LaFollette, TN 37766 (Campbell County).

8. The Defendant, Old Republic Insurance Co. is a corporation organized in Pennsylvania with a mailing address of PO Box 1019, Youngwood, PA 15697 and a registered office of 631 Excel Drive, Mt. Pleasant, PA 15666.

## STATEMENT OF FACTS

9. The Plaintiff's deceased husband, Earl Evans, worked as a coal miner for Dixie Pine Coal Co.

10. Mr. Evans filed a claim for benefits under the Black Lung Benefits Act with the U.S. Department of Labor that was received on October 3, 2011.

11. The Director of the Office of Workers' Compensation Programs ("Director, OWCP"), U.S. Department of Labor, administers the Black Lung Benefits Act.

12. The Director, OWCP's District Director's office found on July 31, 2012 that Mr. Evans was entitled to black lung benefits and that Defendant and Dixie Pine Coal Co., its insured, were responsible.[1] The Defendant then sought a formal hearing before an administrative law judge ("ALJ").

---

[1] Dixie Pine Coal Co. appears to be defunct. The agency's efforts to serve it in 2011 were not successful, but Old Republic Insurance Co. responded on behalf of Dixie Pine Coal. Dixie Pine Coal had only a nominal role with Old Republic Insurance Co. being the party with an actual interest. Accordingly, Dixie Pine Coal Co. is not a necessary party for this

–2–

13. On August 20, 2012, the District Director wrote to the Defendant and said that its insured, "should begin payment of benefits within thirty (30) days of the date of this letter." That letter also said:

> Should you fail to begin payment to the claimant, benefits will be paid by the Black Lung Disability Trust Fund in accordance with 20 CFR 725.420(a). If you are subsequently determined to be liab1e for the claim, you will be required to reimburse the Fund for all payments made up to that time. In addition, in accordance with 725.420(c) you will be liable for such penalties and interests as are deemed appropriate together with the payment of the claimant's attorney fee, if any.

14. The Defendant declined to pay Mr. Evans. As a result, the Black Lung Disability Trust Fund—which is administered by the Director, OWCP—started advancing interim monthly benefits to Mr. Evans, beginning with the August 2012 monthly benefits.

15. Extended proceedings before the Department of Labor's adjudicators then occurred. Mr. Evans died on April 8, 2017 while his claim was pending before the agency's Office of Administrative Law Judges.

16. Following Mr. Evans's death, the Plaintiff Mrs. Evans filed a survivor's claim. Her claim was awarded by the Director, OWCP's District Director's office on July 6, 2017. Dixie Pine Coal Co. and the Defendant were found responsible for her award, and the Defendant sought a formal hearing in Mrs. Evans's claim as well. As in Mr. Evans's claim, the Defendant declined to pay Mrs. Evans's interim benefits and, as a result, the Black Lung Disability Trust Fund started advancing her benefits, beginning with the October 2017 benefits.

17. On January 28, 2021, an ALJ awarded Mr. Evans's claim. That decision ordered the Defendant's insured to "pay to the Claimant all benefits to which she is entitled, commencing in October 2011."

---

enforcement action.

18. The amount of monthly monetary benefits is set by statute as 37.5% of the base salary of a federal employee at level GS-2, step 1, increased by qualifying dependents. *See* 30 U.S.C. § 922.

19. The footnotes accompanying that order made clear that the ALJ's decision would become "effective" when it was received by the District Director and benefits would remain due "notwithstanding the pendency of a motion for reconsideration before an administrative law judge or an appeal to the Board or court, except that benefits shall not be considered due where the payment of such benefits has been stayed by the Benefits Review Board or appropriate court. An effective order shall remain in effect unless it is vacated."

20. The following day (January 29, 2021), the ALJ awarded Mrs. Evans's survivor's claim. That order similarly ordered the Defendant's insured to "pay to Claimant all benefits to which she is entitled under the Act commencing April 1, 2017" (the month of Mr. Evans's death, and when his entitlement period ended).

21. The District Director received these decisions electronically the same day they were issued.

22. On February 24, 2021, the Defendant appealed both awards to the Benefits Review Board, the agency's appellate body for black lung benefits claims.

23. In March 2021, the District Director issued two letters calculating the amounts of benefits that Defendants owed under the ALJ's awards. *First*, on March 12, 2021, the calculation was issued in Mrs. Evans's survivor's claim. That letter said, the Defendant's insured "shall provide monthly benefits to the claimant beginning March 2021 at the rate of $693.60. The operator shall also pay benefits to the claimant in the amount of $3,906.00 for the period April 2017 to September 2017. . . . The operator shall also reimburse the Black Lung

–4–

Case 3:23-cv-00182-CEA-JEM   Document 1   Filed 05/24/23   Page 4 of 9   PageID #: 4

Disability Trust Fund the sum of $27,533.40 for interim benefits paid to the claimant from October 2017 through February 2021." *Second*, on March 18, 2021, the calculation was issued in Mr. Evans's claim. That letter said, the Defendant's insured "shall pay retroactive benefits to the claimant's spouse, Martha Evans, in the amount of $20,965.40, for the period October 2011 to July 2012 and November 2015 to October 2016. . . . The operator shall also reimburse the Black Lung Disability Trust Fund the sum of $41,758.30 for interim benefits paid to the claimant from August 2012 through October 2015 and November 2016 to March 2017." Both letters said:

> Please be advised that by failing to initiate benefits and reimburse the Black Lung Disability Trust Fund within 10 days of the date payment is due,1 the employer may be subject to payments of additional compensation of up to 20% of the amount due. Further, failure to pay benefits as ordered may result in enforcement of the final award in Federal District Court (20 CFR 725.604). An appeal does not stay this payment of additional compensation unless an Order staying payments has been issued by the Board or Court.

24. The Defendant did not pay Mrs. Evans while its appeal was pending even though it did not seek or receive a stay of the ALJ's order pending appeal.

25. On June 23, 2022, the Benefits Review Board affirmed the ALJ's awards of benefits.

26. On July 7, 2022, the District Director issued renewed calculations of benefits owed in both claims. The calculation in Mr. Evans's claim was the same as the 2021 calculation. The calculation in Mrs. Evans's claim was updated as the unpaid interim benefits increased from $27,533.40 to $38,772.80. This resulted in total late benefits of $42,678.80 ($3,906 in unpaid retroactive benefits plus $38,772.80 in benefits advanced by the Trust Fund).

27. The Defendant did not pay within 30 days of this calculation either.

28. It also did not pay Mrs. Evans's July 2022 benefits ($708.90) by August 15, 2022 or within the 10 days following.

29. Instead, it paid the benefits via checks dated August 31, 2022.

30. On September 13, 2022, Mrs. Evans asked the District Director to issue supplemental awards to provide her with $12,544.74 in 20% additional compensation in Mr. Evans's claim and $8,667.54 in her survivor's claim (for a total of $21,212.28 across both claims). The Defendant opposed this request. On March 20, 2023 the District Director issued supplemental awards but only awarded $4,193.08 in Mr. Evans's claim and $3,296.52 in Mrs. Evans's claim (for a total of $7,489.60 across both claims—$13,722,68 less than Mrs. Evans's request). .

31. The Defendant declined to pay even the ordered amounts. On April 6, 2023 it moved the District Director for reconsideration, asserting that no penalties were due in these claims.

32. On April 7, 2023, Mrs. Evans responded in opposition to the Defendant's reconsideration request and also expressed her disagreement with the District Director's calculation of the amounts owed. Her response explained a proper methodology in detail, while also saying, "But in light of the delays so far and likely to continue Mrs. Evans intends on seeking relief via a U.S. District Court action. If your office awards a proper amount and the Employer pays that, Mrs. Evans would welcome an expeditious resolution, but it appears that an enforcement action is needed."

33. There has been no resolution, so this action is needed.

## CAUSES OF ACTION

*First Cause of Action - 20% Additional Compensation*

The Plaintiff incorporates and realleges ¶¶ 1–33 by reference.

34. As noted above, after the ALJ's 2021 awards of benefits, the Defendant did not pay any benefits until August 31, 2022—even after the District Director made the calculations of benefits in March 2021 and July 7, 2022.

–6–

35. If benefits "are not paid by an operator or other employer ordered to make such payments within 10 days after such payments become due, there shall be added to such unpaid benefits an amount equal to 20 percent thereof." 20 C.F.R. § 725.607(a); *see also* 33 U.S.C. § 914(f), *incorporated by reference into* 30 U.S.C. § 932(a).

36. The District Director's March 2021 letters, calculated the total amount of retroactive benefits due to Mrs. Evans as $24,871.40 ($20,965.40 in Mr. Evans's claim and $3,906 in Mrs. Evans's survivor's claim) and due to the Trust Fund as $69,291.70 ($41,758.30 in Mr. Evans's claim and $27,533.40 in her survivor's claim). Accordingly, the total benefits retroactive to March 2021 were $94,163.10 (the sum of the $24,871.40 in unpaid benefits and $69,291.70 advanced by the Trust Fund).

37. Additionally, the Defendant chose not to pay the ongoing monthly benefits to which Mrs. Evans was entitled for the period March 2021 to July 2022 by the 15th day of the following months. The combined payments for that period totaled $11,898.30.

38. The fact that the Trust Fund made interim payments to the Evanses while their claims were pending does not affect the Defendant's responsibility to pay the 20% additional compensation. As 20 C.F.R. § 725.607(b) provides, if "benefit payments are made by the fund, the eligible claimant shall nevertheless be entitled to receive such additional compensation to which he or she may be eligible under paragraph (a) of this section, which respect to all amounts paid by the fund on behalf of such operator." The District Director's March 2023 awards of 20% additional compensation failed to give full effect to this provision and thus were contrary to law and need not be followed by this Court.

39. The 20% additional compensation that Mrs. Evans is entitled to for the Defendant's failure to timely make the retroactive and ongoing monthly payments totals $21,212.28. This

–7–

Case 3:23-cv-00182-CEA-JEM   Document 1   Filed 05/24/23   Page 7 of 9   PageID #: 7

amount is the sum of 20% of $94,163.10 ($18,832.62) for the benefits retroactive to March 2021 and 20% of $11,898.30 ($2,379.66) for the ongoing monthly payments until the Defendant started making timely payments.

*Second Cause of Action - Interest Due on Additional Compensation*

The Plaintiff incorporates and realleges ¶¶ 1–39 by reference.

40. The Defendant owes Mrs. Evans interest on the additional compensation that has been owed but not paid.

41. The Defendant owes interest at the rate provided by 26 U.S.C. § 6621 running from the date that the right to each month's 20% interest first arose. *See* 20 C.F.R. § 725.608(a)(3); 30 U.S.C. § 932(d).

42. As the 20% additional compensation remains unpaid, the interest on it continues to grow. For illustrative purposes, as of April 1, 2023, the interest was $1,712.36 and growing at $4.06 per day at the current § 6621 rate.

**Prayer for Relief**

WHEREFORE, the Plaintiff requests the following relief from this Court:

1. Judgment to Martha Evans in the amount of $21,212.28 for her 20% additional compensation;
2. Judgment to Martha Evans for the interest accumulated on the 20% additional compensation for the period after the benefits were owed until they are paid in full.
3. An injunction to require compliance with the U.S. Department of Labor's compensation orders for benefits as well as this Court's judgment;
4. Reimbursement to the Plaintiff for the costs of this litigation; and
5. An award of attorneys' fees for legal services required in connection with this action.

–8–

Respectfully submitted,

/s/ Wes Addington
WES ADDINGTON
APPALACHIAN CITIZENS' LAW CENTER
317 Main Street
Whitesburg, Kentucky 41858
(606) 633-3929
wes@aclc.org
*Attorney for Martha Evans*